**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **PRISCILLA SEDA-RODRÍGUEZ, et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**CENTRO MÉDICO EPISCOPAL SAN LUCAS PONCE, INC. d/b/a HOSPITAL SAN LUCAS PONCE, et al.,**<br><br>**Defendants.** | **Civ. No. 23-1207 (ADC)** |

**OPINION AND ORDER**

## I. Introduction

Centro Médico Episcopal San Lucas Ponce, Inc. d/b/a Hospital San Lucas Ponce ("HESL"), joined by co-defendants Dr. Roberto Burgos-Rodríguez ("Dr. Burgos") and Southern Obstetrics & Gynecology Center, PSC ("SOCG" and together with HESL and Dr. Burgos, "defendants"), ask the Court to determine whether the liability caps afforded to teaching hospitals and their medical faculty by Puerto Rico's Act No. 136-2006, known as the "Regional Academic Medical Centers of Puerto Rico Act" ("RAMC Act"), would apply to them in the event that they are found liable to Priscilla Seda-Rodríguez ("Ms. Seda," and her child "I.M.S." (together with Ms. Seda, "plaintiffs") for her claims of medical malpractice asserted in the complaint. The Court had previously denied summary judgment on this issue due to the contested state of the material facts, but afforded HESL the opportunity to file a second or supplemental motion specifically addressing whether Ms. Seda was treated within HESL's

residency program and whether Dr. Burgos was in the exercise of his teaching duties when he treated her. *See* **ECF No. 184** at 28-29.

Heeding the Court's instruction, on October 17, 2025, HESL filed a supplemental motion for partial summary judgment and accompanying statement of uncontested material facts. **ECF Nos. 208, 209**. HESL now presents a fuller picture of the workings of its academic program via a lengthy statement under penalty of perjury subscribed by Dr. María de los Ángeles Valentín-Mari, Director of HESL's Graduate Medical Education Program. **ECF No. 209-1**. HESL also submitted a similar statement from Dr. Burgos which, in conjunction with plaintiffs' medical record, purports to establish that Dr. Burgos was exercising teaching duties when he treated plaintiffs. All of this, in hopes of establishing that the RAMC Act liability caps apply to plaintiffs' claims.

However, plaintiffs moved to strike Dr. Valentín's statement because, according to them, she was not timely disclosed as a person with relevant information or as a possible witness. **ECF No. 219**. Defendants opposed, arguing that she was properly disclosed in response to plaintiffs' discovery requests. **ECF No. 227**. Plaintiffs replied. **ECF No. 229-1**.

For the reasons set forth below, the Court **DENIES** the motion to strike.

## II. Procedural Background

On April 28, 2023, plaintiffs filed the above-captioned complaint against defendants. **ECF No. 1**. On September 19, 2023, plaintiffs moved to amend the complaint, leave for which the Court granted. **ECF Nos. 28, 32**. In their amended complaint, filed at **ECF No. 33**, plaintiffs allege

that SOCG, through Dr. Burgos, provided gynecology and obstetrics services to Ms. Seda from May 7, 2020, up to the date of I.M.S.'s birth on December 20, 2020. Plaintiffs further allege that the delivery was performed in HESL's facilities, and that Ms. Seda was attended by Dr. Burgos, resident physicians, and hospital nursing staff. It is alleged that Ms. Seda suffered complications during her delivery which she attributes to SOCG and Dr. Burgos' negligence, as well as that of HESL's nursing and ancillary staff. These complications allegedly caused damages to I.M.S. in the form of multiple medical conditions, such as anoxic brain injury, cerebral palsy, microcephaly, Horne's Syndrome, delayed social and emotional development, optic atrophy, myopia of both eyes, and feeding difficulties, among others. Plaintiffs also allege that I.M.S. will not be able to live a normal life and will need specialized continuous care and assistance. Plaintiffs therefore seek $30,000,000 in general and special damages, plus the imposition of punitive damages, under Puerto Rico law.

All appearing defendants filed answers to the amended complaint denying liability. **ECF Nos. 35, 36, 41**. After several procedural developments and the conclusion of discovery, the parties moved for partial summary judgment in August 2024 on the matter of the RAMC Act's applicability to plaintiffs' claims. **ECF Nos. 80, 90, 93**. On March 26, 2025, the Court issued an Omnibus Opinion and Order making certain findings of fact but ultimately denying summary judgment for all parties. **ECF No. 184**. Recognizing that the resolution of this issue may facilitate settlement negotiation or save time and resources at trial, the Court further afforded defendants the opportunity to file a second or supplemental motion for summary judgment addressing two

discrete questions: (i) whether Ms. Seda was treated within HESL's residency program; and (ii) whether that Dr. Burgos was in the exercise of his teaching duties when he treated her. **ECF No. 184** at 28-29. Plaintiffs, however, filed a motion for reconsideration, which the Court denied on September 2, 2025. **ECF Nos. 193, 203**.

HESL then filed its supplemental motion for summary judgment on October 17, 2025. **ECF No. 208**. Along with their supplemental motion, defendants submitted a proposed supplemental statement of uncontested material facts ("SUMF"), **ECF No. 209**, and relied principally on three documents for support: Dr. Valentín's unsworn statement under penalty of perjury (**ECF No. 209-1**), portions of Ms. Seda's medical record at HESL (**ECF No. 209-2**), and Dr. Burgos' unsworn statement under penalty of perjury (**ECF No. 209-3**). SOGC and Dr. Burgos each filed a motion to join HESL's supplemental motion. **ECF Nos. 211, 212**.

On November 24, 2025, after receiving two extensions of time to do so, plaintiffs made two filings. First, plaintiffs moved to strike Dr. Valentín's statement as coming from a previously undisclosed witness in contravention of Fed. R. Civ. P. 26(a)(1). **ECF No. 219**. On December 8, 2025, HESL filed a response in opposition to the motion to strike. **ECF No. 227**. On December 15, 2025, with leave of Court, plaintiffs filed a reply in support of their motion to strike. **ECF No. 229-1**.

Second, also on December 8, plaintiffs filed a proper response to the supplemental motion, separately attaching an answer or opposition to defendants' SUMF ("OSUMF"). **ECF Nos. 220, 220-8**. On January 7, 2026, with the Court's leave, defendants filed a reply in support

of their supplemental motion. **ECF No. 239**. Defendants also attached a reply to plaintiffs' OSUMF at **ECF No. 239-1** ("RSUMF"). Plaintiffs then moved to strike the RSUMF and for leave to file a sur-reply. **ECF No. 241**. The Court granted plaintiffs leave to file the sur-reply but denied their request to strike defendants' RSUMF. **ECF No. 244**. Plaintiffs finally filed their sur-reply on February 9, 2026. **ECF No. 248**.

## III. Legal Standard

### A. Disclosure obligations under Rule 26(a) and (e).

Rule 26(a)(1) requires that each party to an action provide to the other, without waiting for a discovery request, among other things:

> . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

Fed. R. Civ. P. 26(a)(1)(A)(i). The parties must generally do so at or within fourteen days after the parties' case and discovery planning conference under Rule 26(f), unless a different time is stipulated or set by the court. Fed. R. Civ. P. 26(a)(1)(C). Rule 26(a) also imposes a disclosure duty on the parties with regards to possible expert witnesses, Fed. R. Civ. P. 26(a)(2), and pretrial disclosures, Fed. R. Civ. P. 26(a)(3). Concerning the latter, the Rule states that

> . . . a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment: the name and, if not previously provided, the address and telephone number of each witness—separately identifying those the party expects to present and those it may call if the need arises[.]

Fed. R. Civ. P. 26(a)(3)(A)(i). The disclosure of witnesses must be made at least thirty days prior to trial "unless the court orders otherwise." Fed. R. Civ. P. 26(a)(3)(B).

In addition to the above obligations to disclose, Rule 26 imposes on the parties a duty to supplement their disclosures under Rule 26(a) "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1)(A).

**B. Exclusion as a sanction for nondisclosure under Rule 37(c).**

Having laid out the parties' disclosure obligations, the Court now turns to the consequences of non-compliance. For that, Rule 37(c) provides, in relevant part, that "[a] party fail[ing] to provide information . . . as required by Rule 26(a) or (e) . . . is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). This is considered an "automatic" sanction in the sense that it does not require the filing of a motion by the prejudiced party. *See Ortiz-López v. Sociedad Española de Auxilio Mutuo y Beneficiencia de Puerto Rico*, 248 F.3d 29, 33 (1st Cir. 2001) (exclusion "is a 'self-executing sanction for failure to make a disclosure required by Rule 26(a) . . . .'" (quoting the Advisory Committee notes to 1993 amendments to Fed. R. Civ. P. 37)). The Rule applies to evidence presented in support of a motion for summary judgment. *Lohnes v. Level 3 Commc'ns, Inc.*, 272 F.3d 49, 60 (1st Cir. 2001) ("Withal, the rule's phraseology applies with equal force to motions for summary judgment.").

Nevertheless, "preclusion is not strictly a mechanical exercise; district courts have some discretion in deciding whether or not to impose that onerous sanction." *Santiago-Díaz v. Laboratorio Clínico y de Referencia del Este and Sara López, M.D.*, 456 F.3d 272, 276 (1st Cir. 2006); *see also Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 77-78 (1st Cir. 2009) ("[I]n its discretion, the district court may choose a less severe sanction."); *Laplace-Bayard v. Batlle*, 295 F.3d 157, 162 (1st Cir. 2002) ("[D]istrict courts have broad discretion in meting out Rule 37(c) sanctions for Rule 26 violations."). The Rule itself provides alternative or additional sanctions available to the Court if a motion is filed and notice is given to the party allegedly non-compliant. *See* Fed. R. Civ. P. 37(c)(1)(A)-(C).

In any case, to warrant sanction under Rule 37(c), the failure to comply with Rule 26(a) or (e) must be substantially unjustified and harmful, as opposed to substantially justified or harmless. "What the district court must find under Rule 37(c) is that the offending parties were not 'substantially justified' in failing to disclose information required by Rule 26(a) or Rule 26(e) and that the failure to disclose was not harmless." *Ortiz-López*, 248 F.3d at 33. Expounding on the concept of "harmlessness" included in the Rule, the First Circuit has said:

> [T]he harmlessness provision is "intended to avoid unduly harsh penalties in a variety of situations." Illustrative examples are late disclosures of a potential witness known to all parties, a trial witness already listed by the adverse party, or a witness on behalf of a pro se litigant ignorant of the requirement. These suggest a fairly limited concept of "harmless."

*Gagnon v. Teledyne Princeton, Inc.*, 437 F.3d 188, 197 (1st Cir. 2006) (quoting the Advisory Committee notes to 1993 amendments to Fed. R. Civ. P. 37).

## IV. Discussion

The gravamen of plaintiffs' motion to strike is that defendants did not include Dr. Valentín in their initial disclosures as an individual likely to have discoverable information relating to a claim or defense, as required under Fed. R. Civ. P. 26(a)(1)(A), or to supplement them with her inclusion under Fed. R. Civ. P. 26(e)(1). In fact, plaintiffs point out, defendants never made a formal initial disclosure as required. Plaintiffs further point to the Court's Order of August 1, 2023, where the parties were called to identify their witnesses "as required by the Federal Rules of Civil Procedure." **ECF No. 22** at 1. Defendants' omission, they claim, is unjustified and prejudicial, and triggers the automatic exclusion of Dr. Valentín's statement under Fed. R. Civ. P. 37(c)(1) and, alternatively, as a sanction under Fed. R. Civ. P. 16(f)(1)(C).

Defendants, for their part, do not contest the claim that they did not previously disclose Dr. Valentín as a possible witness in response to Rule 26(a) or (e). They nonetheless argue that Dr. Valentín's name and relevance to the case was timely disclosed in their responses and objections to plaintiffs' interrogatories and requests for production of documents. Specifically, defendants point to their response to one of plaintiffs' interrogatories:

> [Interrogatory No. 10:] Please provide the complete name, contact information and license No. of the physician in charge of HESL, Inc.'s teaching program as of December 18 to 20 of 2020.
>
> [Answer:] The Designated Institutional Officer for the ACGME and Director of the Graduate Medical Program is María Valentín Mari, MD, Dra. Olga Rodriguez - Dean of Ponce School of Medicine and President of CMAR Southwest, Dr. Joaquin Laboy - OBGYN Program Director of the Graduate Medical Program.

**ECF No. 227-1** at 2, 18. Defendants further point to their following response to one of plaintiffs' requests for production of documents:

> [Request for Documents No. 17:] Please provide certified, complete, unaltered, and numbered copies of all documents describing the obligation of the residents who provided medical services to Ms. Seda on December 18 thru 20 of 2020.
>
> [Response]: I do not have this information available. The person in charge of the Graduate Medical Program is María Valentín, MD, Moraima Valladares from the Ponce School of Medicine and Dr. Joaquin Laboy.

*Id.*, at 5, 19. Because these responses were provided on November 22, 2023, defendants contend that their disclosure of Dr. Valentín's identity as a possible witness was timely under Rule 26(e), making Rule 37(c) sanctions inapplicable. And, in any case, defendants place the blame for any prejudice on plaintiffs' strategic decision to only depose three fact witnesses. *See* **ECF No. 227** at 2.

It is not clear from the parties' briefs whether there is a black-and-white rule that bars a party from using, in summary judgment, a declaration or statement subscribed by an individual not previously disclosed under Rule 26(a). The disclosures required by Rule 26(a)(1)(A)(i) do not speak of possible witnesses or summary judgment declarants, only of "individuals likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses[.]" Fed. R. Civ. P. 26(a)(1)(A)(i). However, the Advisory Committee notes to the 2000 amendments to Rule 26(a)(1) do define the term "use" to include "any use at a pretrial conference, to support a motion, or at trial." And, as discussed below, a failure to disclose under

Rule 26(a)(1) has been used to strike affidavits in support of summary judgment motions under Rule 37(c)(1).[1]

On the other hand, there is the added wrinkle of plaintiffs' secondary argument for exclusion, grounded in defendants' alleged failure to comply with the Court's Rule 16(b) order. Plaintiffs argue that the Court's Order of August 1, 2023, instructed the parties to identify "witnesses . . . as required by the Federal Rules of Civil Procedure," thereby arguably advancing the Rule 26(a)(3)(A)(i) pretrial disclosure on witnesses (subject, of course, to supplementation under Rule 26(e)). **ECF No. 22**. But it would be odd for a party to have to make pretrial disclosures so early on in a case, before discovery and on pain of exclusion, when the default rule is that pretrial disclosures may be due as late as thirty days before trial. Fed. R. Civ. P. 26(a)(3)(B). And taking recourse again to the Advisory Committee notes, this time to the 1993 amendments to Rule 26(a)(3), the intention is for "these disclosures to be made in accordance with schedules adopted by the court under Rule 16(b) or by special order." The Court's Order at **ECF No. 22** was not a Rule 16(b) order because that came later after the Court considered the

[1] Although not raised by any party here, it may be that the obvious solution to this situation lies in the summary judgment rule itself. Rule 56(d) affords a party opposing summary judgment the ability to request deferral or denial of the motion or the taking of additional discovery when it is impeded from "presenting facts essential to justify its opposition." Fed. R. Civ. P. 56(d). The same also permits the Court to "issue any other appropriate order," Fed. R. Civ. P. 56(d)(3), which could include a Rule 37(c)(1) sanction. Consonant with a harmonious reading of the Rules, when a party presents a declaration or statement in support of summary judgment that was authored by an individual not initially disclosed under Rule 26(a)(1)(A)(i), the nonmoving party may seek relief under Fed. R. Civ. P. 56(d) rather than direct recourse to Rule 37(c)(1). Recourse to this mechanism would have comfortably fit the facts here. Indeed, when the Court ordered defendants to file a supplemental motion for summary judgment, it simultaneously advised plaintiffs that they "would be afforded the opportunity to respond and present evidence as allowed by the Rules." **ECF No. 184** at 29. That naturally encompassed the ability to seek Rule 56(d) relief.

parties' Joint Initial Scheduling Memorandum. The Court's Rule 16(b) order, *i.e.*, the Case Management Order at **ECF No. 24**, does not include a deadline for pretrial disclosures under Rule 26(a)(3), reason for which defendants' failure to disclose would not fall within the strict purview of a Rule 16 violation.[2]

And so, the Court will assume that a party's failure to disclose the identity and relevance of a person falling under Rule 26(a)(1)'s disclosure obligations impedes that party's reliance on said person's declaration or statement on summary judgment, in accordance with Rule 37(c)(1). The Court will therefore proceed to examine whether Dr. Valentín's identity and relevance as a possible witness was adequately disclosed to plaintiffs before summary judgment.

### A. Whether Defendants previously disclosed Dr. Valentín's identity as a person who may have relevant information or as a possible witness.

Turning to the facts at hand, the following is clear from the record. First, defendants do not contest plaintiffs' assertion that they failed to make initial disclosures under Rule 26(a)(1), therefore omitting any mention of Dr. Valentín as a person who may have relevant information that could support its defense on the applicability of the RAMC Act's liability caps.[3] Second, Dr. Valentín would certainly have been a person with knowledge of this defense given the contents of her proposed statement. Third, defendants also do not claim to have disclosed Dr. Valentín as a witness who may be used at trial within the meaning of Rule 26(a)(3) or to have

---

[2] The Court nonetheless recognizes that it has the general power to impose sanctions under Rule 16(f) when a party "fails to obey a scheduling or other pretrial order." Fed. R. Civ. 16(f), 32(b)(2)(A)(ii)-(vii).

[3] All three defendants raised the application of the liability caps in their answers to the amended complaint. *See* **ECF No. 35** at 22, ¶ 9 (SOCG). **ECF No. 36** at 12, ¶¶ 17-18 (Dr. Burgos); **ECF No. 41** at 12, ¶¶ 23-24 (HESL).

supplemented their initial witness disclosures at any time in accordance with Rule 26(e)(1)(B)—even though that possibility was plainly contemplated in the explicit reservation defendants included in their portion of the Joint Initial Scheduling Memorandum submitted to the Court. *See* **ECF No. 23** at 17-18. Fourth, defendants do not contest plaintiffs' assertion that their only witness list supplementation concerned expert testimony. **ECF No. 219** at 4-5. Fifth, HESL's only mention of Dr. Valentín was, as they state, in response to discovery propounded by plaintiffs, and while Dr. Valentín's identity and role as head of HESL's residency program was unambiguously disclosed, these responses did not identify her as a potential witness. Sixth, in that same discovery request, plaintiffs asked HESL to supplement their Rule 26(a) disclosures, *see* **ECF No. 227-1** at 3, ¶ 1 ("Please provide the information and documents described in Federal Rules of Civil Procedure 26(a)(1), 26(a)(2), and 26(a)(3)."), and defendants response was that "the requested FRCP 26 disclosures and documents have been provided by our attorneys." *Id.*, at 18, ¶ 1. Seventh and last, defendants had already sought to obtain partial summary judgment on the relevant RAMC Act defense without using Dr. Valentín's statement, which suggests that they had not considered her as a potential witness until the Court denied their motion and ordered supplemental briefing.

In light of the above, the Court notes that defendants' position is not a factual one, but rather a legal one. In their opposition, defendants point the Court to cases illustrating similar factual scenarios where the use or designation of a witness or of evidence not previously disclosed under Rule 26(a) was allowed because the information had been "otherwise made

known" to the other party during discovery and within the meaning of Rule 26(e)(1)(A). That is to say, defendants contend that Rule 37(c) sanctions are not appropriate here because they have not violated Rule 26(e), insofar as they disclosed Dr. Valentín as a person with knowledge of HESL's residency program during discovery. To that end, they cite *Pina v. Children's Place*, 740 F.3d 785 (1st Cir. 2014), and several cases from the District of Puerto Rico, as well as one from the District of Kansas. On the other side, to argue for exclusion and rebut defendants' case law, plaintiffs rely mainly on *Am. Steel Erectors v. Loc. Union No. 7, Int'l Ass'n of Bridge, Structural, Ornamental & Reinforcing Iron Workers*, 815 F.3d 43 (1st Cir. 2016) and on several opinions hailing from a variety of federal district court in Virginia, New York, New Jersey, and Wisconsin.

Starting with *Pina*, a racial employment discrimination claim based on 42 U.S.C. § 1981, the First Circuit there upheld a district court's decision not to strike an affidavit attached to a summary judgment motion for a purported failure to supplement Rule 26(a) disclosures. 740 F.3d at 793. The court ruled that the employer had made identity of the affidavit's author, the company's district manager, known to the plaintiff when its Rule 30(b)(6) representative testified in a deposition as to the district manager's "role in the hiring process." *Id.* The court also held that the plaintiff had prior knowledge of the district manager's relevance to his claim because it was she who signed the employer's response to the state administrative charge prior to the filing of the complaint. *Id.* Taking these two things together, the First Circuit rejected the contention that the employer violated Rule 26(e).

On the other hand, in *Am. Steel Erectors*, as relevant here, the First Circuit summarily rejected a challenge to the district court's exclusion at trial of four witnesses that were "inadequately disclosed" because they were "not included in the plaintiffs' Rule 26 statement and were only referred to on a handful of occasions within a voluminous record." 815 F.3d at 57 n.2. Citing *Lujan v. Cabana Mgmt., Inc.*, the First Circuit rejected the argument that the information was "otherwise made known" to the defendants as per Rule 26(e)(1)(A) because "the mere mention of a name in a deposition or interrogatory is insufficient to satisfy Rule 26(a)(1)(A)(i), especially where, as here, the case involves an expansive record and a multitude of individuals." *Id.* (quoting *Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 72 (E.D.N.Y. 2012) (citation modified)).

*Lujan* is decision from the District Court of Eastern District of New York that is often cited in other circuits in Rule 37(c)(1) disputes.[4] There, the district court granted a request to exclude over thirty-one declarations submitted in support of a motion to certify a class under Fed. R. Civ. P. 23 because the declarants had not been disclosed under Rule 26(a). The court rejected the argument that their identities and relevance were otherwise made known to the other party in interrogatory responses and document production, as well as in depositions. The court emphasized that Rule 26(a) requires "identification of individuals who not only are "likely to have discoverable information . . . [but whom] *the disclosing party may use* to support its claims

---

[4] Plaintiffs included some of these cases in their briefs. *See, e.g.*, *McGuire v. Vill. of Hempstead*, No. 20-CV-02117 (JMW), 2025 WL 2733468 (E.D.N.Y. Sept. 25, 2025); *Moke Am. LLC v. Am. Custom Golf Cars, Inc.*, No. 3:20CV400 (DJN), 2023 WL 3686957 (E.D. Va. Jan. 12, 2023).

or defenses . . . .'" 284 F.R.D. at 72 (citing Fed. R. Civ. P. 26(a)(1)A)(i)). The court observed that "[n]one of the discovery 'identifications' cited by defendants clearly states, or even suggests, that defendants might call upon those individuals in support of their defenses." *Id.* It further observed:

> "Many courts in [the Second Circuit] have held that the mere mention of a name in a deposition or interrogatory response is insufficient to satisfy Rule 26(a)(1)(A)(i).
>
> . . .
>
> Rather, to satisfy Rule 26, parties must make an unequivocal statement that they may rely upon an individual on a motion or at trial."

*Id.*, at 72-73.

*Lujan* thus stands for two relevant propositions. First, that a proper Rule 26(a)(1)(A)(i) disclosure requires an "unequivocal statement" that a party "may rely upon an individual on a motion or at trial." Second, that the mere disclosure of a person's identity in discovery is insufficient. The first postulate, however, is contradicted by the First Circuit's reasoning in *Pina*, where no such statement was made but where the court found no abuse of discretion in allowing consideration of the statement. *Pina*, 740 F.3d at 793-94.

The second is best understood as responding to the particular type facts of that case. *Lujan* involved thirty-one declarations, and the court emphasized that its principle "applies with particular force where, as here, the individual with discoverable information was included in a voluminous list of employees." *Lujan*, 284 F.R.D. at 72. Indeed, the cases cited by the court in support of this statement involve the attempted use of a few individuals within a universe of

thousands. *See Disability Advocs., Inc. v. Paterson*, No. 03-CV-3209(NGG)(MDG), 2008 WL 5378365, at *13 (E.D.N.Y. Dec. 22, 2008) (finding that prior disclosure during discovery of five proposed witnesses within a list 1,500 individuals in response to an interrogatory was unreasonable; but holding that exclusion was ultimately unwarranted); *Fleming v. Verizon New York, Inc.*, No. 03 CIV.5639(WHP), 2006 WL 2709766, at *9 (S.D.N.Y. Sept. 22, 2006) (finding unpersuasive argument that two proposed witnesses were disclosed because the plaintiff mentioned their names at her deposition when the defendant was a large corporation with thousands of employees, and several of the declarants did not even work directly with plaintiff).[5] On the other hand, although plaintiffs make much of the fact that over thirty names were included in defendants' discovery responses, the truth is that only three names in total were disclosed with regards to the interrogatory and request for documents at issue, including Dr. Valentín. *See* **ECF No. 227-1** at 2, 5, 18, 19. The facts here are not so egregious as to make the application of *Lujan* and like cases imperative. Indeed, defendants point to other cases from our District Court that reflect a more flexible approach to these situations.

For starters, defendants cite two opinions issued by the Hon. Magistrate Judge Bruce J. McGiverin where he considered affidavits in support of motions for summary judgment where the affiant had not been formally included in a Rule 26(a) disclosure. In *Cornelius-Millan v.*

[5] *Frazier v. Layne Christensen Co.*, 370 F. Supp. 2d 823 (W.D. Wis.), *order vacated in part on reconsideration*, 380 F. Supp. 2d 989 (W.D. Wis. 2005), *order rescinded in part*, No. 04-C-0315-C, 2005 WL 2453098 (W.D. Wis. Sept. 29, 2005), also cited by plaintiffs, similarly involves the exclusion of seven declarations on summary judgment in part because the alleged prior disclosure came in discovery where the party had "produced more than nine thousand pages of documents. . . ." 370 F. Supp. 2d at 828.

*Caribbean Univ.*, Inc., 261 F. Supp. 3d 143 (D.P.R. 2016), a racial discrimination, retaliation, and slander case brought by a student against a university professor and others, the court considered whether to strike two affidavits submitted by the plaintiff in opposition to a motion for summary judgment that were authored by individuals who were not previously disclosed as persons with relevant information or possible witnesses per Rule 26(a). 261 F. Supp. 3d at 146 n.2. The court decided that one affidavit would be allowed because the author, "Matos", "was revealed during [the plaintiff's] deposition." *Id.*[6] On the other hand, the court struck the other affidavit because the author was first disclosed in opposition to summary judgment. *Id.* (citing *Pina*, 740 F.3d at 793; *Colantuoni v. Alfred Calcagni & Sons, Inc.*, 44 F.3d 1, 5 (1st Cir. 1994)). In *Rojas v. GMD Airlines Servs., Inc.*, No. CIV. 13-1578 BJM, 2015 WL 3658071, the court refused to strike an affidavit attached by the plaintiff in opposition to a motion for summary judgment whose author was properly disclosed under Rule 26(a)(1), but whose testimony encompassed a wider subject matter than that originally described in the initial disclosure, on the grounds that his knowledge of information relevant to the plaintiff's claims was made available during the plaintiff's deposition. 2015 WL 3658071, at *3.

Defendants also cited *Dachman v. Maestre-Grau*, No. CV 18-1421 (RAM), 2023 WL 5899908 (D.P.R. Sept. 11, 2023), where Chief Judge Raúl Arias-Marxuach denied a motion to exclude two witnesses from testifying at trial because they were not disclosed as part of the defendants'

---

[6] As to the "Matos" affidavit, the Court found it sufficient that the deposition testimony identified him as a person with knowledge of facts relevant to plaintiff's claims. *See* Plaintiff's Statement of Uncontested Facts at 14-15, *Cornelius-Millan v. Caribbean University, Inc.*, No. 13-1873 (D.P.R. Apr. 4, 2016), ECF No. 71-1 at 14-15.

initial disclosures. The court reasoned that the individuals had been identified as "people likely to have discoverable information relevant to the plaintiff's claim" in several depositions, including the plaintiff's own deposition, where she identified them "as participants in the medical procedures that gave rise to her claim." 2023 WL 5899908, at *1. Accordingly, their inclusion as witnesses did not run afoul of Rules 26 or 37. *Id.*

It would certainly be a salutary practice for parties to adhere to the strict letter of Rule 26(a)(1), much like plaintiffs themselves did in their Joint Initial Scheduling Memorandum. *See* **ECF No. 23** at 16-17 (listing over seventeen individuals). But, as seen above, the Rules are not so rigid as to call for mandatory exclusion in every case. Here, the Court finds that defendants complied with their duty and disclosed the name and relevance of Dr. Valentín in direct response to plaintiffs' targeted discovery requests, for which reason plaintiffs knew that Dr. Valentín was central to HESL's residency program as the Designated Institutional Officer for ACGME and the Director of the Graduate Medical Program. **ECF No. 227-1** at 2, 5, 18, 19. To emphasize, the relevance of Dr. Valentín is not the result of coincidence or inference. Far from being just one of many possible defenses in this case, the application of the RAMC Act's liability caps is an important one, so much so that plaintiffs themselves included a cause of action in their complaint to declare them inapplicable, **ECF No. 33** at 17-20, included a section on it in their portion of the Joint Initial Scheduling Memorandum, **ECF No. 23** at 5-7, and independently moved for summary judgment on that specific matter, **ECF No. 93**. Therefore, plaintiffs are not without blame in sharing any prejudice that Dr. Valentín's statement may represent to them

now. She was relevant to one very specific and material issue in this case, and they could have deposed her at any point after receiving defendants' discovery responses in November 22, 2023, up to the close of factual discovery on June 17, 2024. *See* **ECF No. 59**.[7]

## V. Conclusion

For the reasons explained above, the Court **DENIES** plaintiffs' motion to strike Dr. Valentín's statement at **ECF No. 219**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 30th day of September, 2026.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**

[7] They could have also moved for relief under Rule 56(d) to depose her. *See ante* at n.1.